**UNITED STATES of America,**
**Appellee,**

v.

**Luis ADORNO, aka "Bebe", Defendant,**

**Richard Lespier, aka "Ricky",**
**Defendant–Appellant.**

**No. 99–1784.**

United States Court of Appeals,
Second Circuit.

March 12, 2001.

Robert E. Nicholson, Brooklyn, NY, for appellant.

Robert M. Appleton, Assistant United States Attorney, for District of Connecticut; Stephen C. Robinson, United States Attorney, of counsel, for appellee.

Present OAKES, WINTER, and SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Richard Lespier appeals from a judgment of conviction entered on July 23, 1999 in the United States District Court for the District of Connecticut (Nevas, *J.*) following a four day jury trial and a guilty verdict. The defendant was convicted of murder in aid of racketeering under 18 U.S.C. § 1959(a)(1). He appeals his conviction on the ground that his crime was a purely local matter that Congress was

without power under the Commerce Clause to prohibit.

On June 3, 1998 defendant-appellant Richard Lespier and defendant Luis Adorno were indicted by a federal grand jury for the murder of Carlito Brown in violation of 18 U.S.C. § 1959, which criminalizes violent crime in aid of racketeering (the "VCAR" statute). Adorno pled guilty and testified against Lespier at trial.

The evidence at trial showed that Lespier was the president of the Meriden, Connecticut chapter of a national drug trafficking gang called the Latin Kings. In 1996, the Meriden Latin Kings were engaged in a violent turf war with a rival gang called Los Solidos. Adorno testified that on December 7, 1996, Lespier ordered Adorno and his brother to kill Alex Moreno, a member of Los Solidos. After failing to find Moreno that evening, Lespier, Adorno, Adorno's brother, and another member of the Latin Kings located Moreno on the evening of December 9. Adorno opened fire on Moreno, who was in the passenger seat of a car being driven by Carlito Brown, another member of Los Solidos. A bullet missed Moreno and hit Carlito Brown in the head, killing him.

On July 23, 1999, the jury returned a guilty verdict and Judge Nevas subsequently sentenced Lespier to life in prison.

The defendant argues on appeal that the government failed to prove a sufficient nexus between the murder and interstate commerce and that Congress therefore lacked the power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, to criminalize his conduct. We conclude that the defendant's argument is meritless.

The VCAR statute criminalizes certain violent crimes, including murder, "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity."

18 U.S.C. § 1959(a). The statute's definition of "enterprise" contains a jurisdictional element that links the crime to Congress's power over interstate commerce: " 'enterprise' includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact ... which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b)(2).

The defendant contends (1) that the government failed to prove that the activities of the Latin Kings *substantially* affected interstate commerce; and (2) that the government failed to demonstrate any connection between the murder of Carlito Brown and interstate commerce. Our recent decision in *United States v. Feliciano*, 223 F.3d 102 (2d Cir.2000) compels the rejection of these arguments. In *Feliciano*, we ruled that a conviction under the VCAR statute required only a *minimal* connection—not a substantial connection— between interstate commerce and the activities of the *criminal enterprise*. See *Feliciano*, 223 F.3d at 119. Viewing the evidence in the light most favorable to the government and drawing all possible inferences in its favor, *see United States v. Payton*, 159 F.3d 49, 56 (2d Cir.1998), we conclude that the prosecution satisfied its burden with respect to the jurisdictional element of the VCAR statute. There was evidence at trial and the defendant concedes on appeal that the Latin Kings engaged in narcotics trafficking. We have held more than once that drug trafficking, even if primarily local in character, is an economic activity that has a substantial effect on interstate commerce. *See e.g., Feliciano*, 223 F.3d at 119; *United States v. Genao*, 79 F.3d 1333, 1337 (2d Cir.1996). The activities of the Latin Kings "enterprise" therefore affected interstate commerce within the meaning of 18 U.S.C. § 1959(b)(2).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.